T. H. Cornell, as Executor, etc., of T. G. Cornell, Deceased, Appellant, Respondent, *v.* Rouvime Poliakoff, Respondent, Appellant.

First Department, May 10, 1935.

*Hugh S. Williamson* of counsel [*Edward A. Craighill, Jr.*, with him on the brief; *Breed, Abbott & Morgan*, attorneys], for the plaintiff.

*Borris M. Komar*, for the defendant.

Townley, J. This action was brought by the plaintiff, as executor of one T. G. Cornell, to recover one-half of the amount of two promissory notes which were executed jointly and severally by T. G. Cornell and the defendant as comakers. Both of these notes were paid in full at maturity by decedent. The question in the case was whether the defendant signed the notes for the accommodation of his comaker.

The notes in suit are a part of rather complicated transactions to which decedent and defendant were parties. One Von Koeppen, in December, 1921, brought actions against the Telegraph Typewriter Company, Inc., and Poliakoff, the present defendant. These actions were settled by the giving of two notes — one, a note for $15,000, payable in six months given by the Telegraph Typewriter Company, Inc., to the order of itself and indorsed in blank by itself, Poliakoff, Forrest and Kleber with security for its payment. Cornell was not a party to this first six-month note. As a part of the Von Koeppen settlement also, a second note due in one year made by the Telegraph Typewriter Company, Inc., for $15,000, drawn to the order of itself and indorsed in blank was made and there was a guaranty of payment of that note given by Cornell, Poliakoff, Kleber and Forrest. In the contract of guaranty between the four last named men it was stated as follows: " The parties of the second part hereby agree that as among themselves as guarantors of the said note each shall only be responsible for 1/4th of the amount unpaid by the party of the first part upon said note, and each hereby agrees to be responsible to the other and to make the necessary payments to the other so that at no time shall any one of them have paid more than 1/4th of the amount then unpaid by the party of the first part upon said note." When the six-month note became due, Poliakoff paid it. When the year note became due and was not paid, Cornell arranged to pay this note off by money which he raised on the two notes in suit from the Farmers National Bank of Freeport, Penn., and the Freeport Bank and Trust Company. The former bank advanced $7,500 on a joint note of Poliakoff and Cornell and the Freeport Bank and Trust Company advanced $7,800 upon a similar note.

It is the claim of the defendant that his signature was put upon these latter two notes, renewals of which are the notes in suit, as an accommodation for Cornell who represented to him that he could not procure loans from the Freeport banks except on " two-name " paper. Poliakoff was incompetent to testify in his own behalf because of the death of Cornell. To prove the fact that there was no consideration, Kleber testified that in a conversation between himself and Cornell concerning these transactions, the following occurred: " So I [Kleber] said to him, ' Why did you have Mr. Poliakoff endorse these notes if you are going to pay the notes, if it is your obligation? ' ' Well,' he [Cornell] said, ' I have to do that as a matter of banking, there have to be two signatures on this note.' He said further, ' So far as Mr. Poliakoff and I know, everything is squared off.' " If this were all there were in the record, it might be taken as sufficient to substantiate defendant's

claim that his name was on the notes for the accommodation of Cornell. Unfortunately for the defendant, there are other facts in the case which make it impossible to give credence to this testimony.

It is conceded that Kleber and Forrest were unable to meet their obligations under the original guaranty to pay each twenty-five per cent of the original $15,000 note. Poliakoff was himself liable to the holder for the full amount, if sued. At the time the Freeport notes were made, the Telegraph Typewriter Company, Inc., issued a note to Poliakoff and Cornell as consideration for their executing the Freeport notes. Later, on the bankruptcy of the Telegraph Typewriter Company, Inc., when Kleber and Forrest were both officers of that corporation, Poliakoff put in a claim for half of the note for $16,232.82 which had been given, and the bankrupt listed the liability on that note as divisible between the two payees. Since Forrest and Kleber must have known all about the circumstances of the making of the notes in suit and the giving of the corporate note, the claim in bankruptcy is cogent evidence that Poliakoff and the others knew he was not an accommodation maker.

There were various renewals of the two Freeport notes and when the last one was renewed, Cornell wrote Poliakoff, in a letter offered by the defendant, as follows:

" I hand you herewith two four months notes covering our accommodations at the Freeport Bank and Trust Company for $7,800.00 and the Farmers National Bank of Freeport for $7,500.00 due and payable April 19th, 1926.

" I have arranged to have both these notes put on the calendar months basis so that they both will mature on the same dates.

" Please sign on the lines indicated and return, with your check for $155.50, one-half of the discount and remit to me so that they reach me not later than April 16th, 1926."

There is no satisfactory explanation of how Poliakoff could have given his name to accommodate Cornell if Cornell could demand that Poliakoff should pay one-half of the discount on the notes.

Since the verbal testimony cannot be reconciled with the documentary evidence in the case, the greater weight must be given to defendant's implied admission of liability by his claim in the bankruptcy and to the demand made by Cornell on Poliakoff in Cornell's lifetime, which does not seem to have been rejected by Poliakoff so far as any evidence in the case shows.

The case was decided on the basis of the guaranty made in 1921. The action, however, was not brought on the guaranty. If it had been, the claim would have been outlawed by the Statute of Limita-

tions. From the record, the inference is inescapable that Cornell and Poliakoff, finding Kleber and Forrest unable each to meet twenty-five per cent of the obligation on the original Von Koeppen note, accepted the situation and agreed to be responsible each for one-half of the debt. They executed the Freeport notes to carry out that purpose. As between themselves there was full consideration for Poliakoff's promise, since both Poliakoff and Cornell were liable on the Von Koeppen note. There is no credible evidence to support the claim of an accommodation. The other defenses need not be considered.

The judgment should be modified by directing that the plaintiff recover from defendant the amounts demanded in the complaint, with interest and costs, and as so modified affirmed, with costs to the plaintiff.

MARTIN, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Judgment modified by directing that the plaintiff recover from defendant the amounts demanded in the complaint, with interest and costs, and as so modified affirmed, with costs to the plaintiff. Settle order on notice.